ligence on the part of the defendant in this respect the plaintiff, who was a miner of experience and knew what was to be expected, assumed the risk.

The judgment should be affirmed, with costs.

---

### GOLDENRATH v. SCHREINER.

(Supreme Court, Appellate Division, Second Department.  June 18, 1908.)

1. BROKERS—COMMISSIONS—ACTIONS—DEFENSES—BAD FAITH.

In an action for commissions for selling land for defendant, the defense being that the broker was guilty of bad faith and was himself the real purchaser of the land, in determining defendant's liability to pay the commission, the essential question was not whether plaintiff was in fact the purchaser, but whether he was interested in the transaction adversely to his client.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 48–50.]

2. APPEAL AND ERROR—VERDICT—ON CONFLICTING EVIDENCE.

In an action to recover commissions for land sold for defendant, where the jury, upon conflicting evidence, found for plaintiff, the sufficiency of the evidence will not be reviewed on appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3935–3937.]

Appeal from Municipal Court, Borough of Queens, Second District.

Action by Samuel Goldenrath against Elizabeth Schreiner.  From a judgment for plaintiff, defendant appeals.  Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

Clarence Edwards, for appellant.
Harry Stackwell, for respondent.

WOODWARD, J.  The plaintiff holds an assignment of a claim for broker's fees alleged to have been earned by one McMahon. There is no dispute that McMahon brought a purchaser acceptable to the defendant; that the parties entered into a written contract for the purchase of defendant's premises, and made a payment upon the delivery of the contract.  The defense was that McMahon was the real purchaser, and that the defendant had been overreached in the bargain, relying upon him as her broker.  The evidence of the defendant tending to show fraud was all brought out, so far as we can discover, and it was all denied by McMahon, the broker, and the case went to the jury upon instructions which were certainly all that the defendant could fairly ask for; the only matter urged being that in some way the charge of the court was not applicable to the facts in this case.  The court perhaps laid too much stress upon the proposition that purchase on the part of the broker, McMahon, could only be shown by a memorandum in writing to comply with the statute, because the real question was not whether he was in fact the purchaser, but whether he was interested in the transaction adversely to his client, but the charge as a whole, as consented to by the plain-

tiff, clearly left it for the jury to determine whether under the evidence the broker had dealt fairly with the defendant, whether he was interested in the purchase of the premises through a dummy, and all the matters going to establish the defense of fraud.

The jury upon a conflict of evidence has found for the plaintiff, and the judgment should be affirmed.

Judgment of the Municipal Court affirmed, with costs. All concur.