Before STATE INDUSTRIAL BOARD, Respondent. ROSARIO TOMASI, Respondent, v. GAETANO BONSIGNORE and Another, Appellants.— Award reversed and claim dismissed, with costs against the State Industrial Board, on the ground that the undisputed evidence shows that during the period covered by the award claimant was not suffering from the effects of any accidental injury. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. GEORGE TRACY, Respondent, v. EASTERN LOADING CORPORATION and Another, Appellants.— Award unanimously affirmed, with costs in favor of the State Industrial Board, on the authority of *Robinson* v. *Robins Dry Dock & Repair Co.* (238 N. Y. 271).

Before STATE INDUSTRIAL BOARD, Respondent. KOSTATY WOCULINSKI, Respondent, v. VAN IDERSTEIN COMPANY and Another, Appellants.— Award unanimously affirmed, with costs in favor of the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. CHARLES WISNIEWSKI, Respondent, v. G. J. NIKOLAS & COMPANY, Appellant.— Award unanimously affirmed, with costs in favor of the State Industrial Board.

KIERNAN J. WALLACE, Respondent, v. THE DELAWARE AND HUDSON COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs.

Before STATE INDUSTRIAL BOARD, Respondent. JOHN WEISS, Respondent, v. ROCHESTER AMERICAN LUMBER COMPANY and Another, Appellants.— Award unanimously affirmed, with costs in favor of the State Industrial Board.

---

## FIRST DEPARTMENT, JULY, 1924.

SAMUEL PETT, Respondent, *v.* MAX SPIEGEL and EDWARD HYMES, as Trustee in Bankruptcy, etc., Intervening, Appellants.

Appeal from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the New York county clerk's office on May 10, 1922, upon the decision of the court rendered after a trial at the New York Special Term.

PER CURIAM: Upon this record the defendant Spiegel should be given an opportunity before the referee to account for 100 shares of stock by showing that they were given to Watterson as a bonus. The plaintiff also cannot recover a portion of the commission. Without considering other objections, to permit such a recovery would be to sanction an unlawful brokerage arrangement. (*Geldenrath* v. *Schreiner*, 127 App. Div. 901; *Gardner* v. *Ogden*, 22 N. Y. 327.) The interlocutory judgment appealed from should, therefore, be modified by permitting the defendant to account for 100 shares of stock by showing that it was given to Watterson as a bonus, and further by eliminating the item of $16,666.66, being two-thirds of the commission paid by the Sutphen estate to the brokers Seton and Perpente, and as so modified affirmed, without costs. Present — Clarke, P. J., Smith, Merrell, Finch and Martin, JJ. Judgment modified as indicated in opinion and as modified affirmed, without costs. Settle order on notice.