F. W. BECK and Others, Respondents, *v.* HERBERT M. ANTHONY, Individually and as Mayor of the Village of Orchard Park, County of Erie and State of New York, FRED B. HARWOOD and Others, Individually and as Trustees of the Village of Orchard Park, County of Erie and State of New York, and ELMER RIEFLER and RAYMOND J. RIEFLER, Copartners, Doing Business under the Assumed Name of RIEFLER BROTHERS, of the Village of Hamburg, County of Erie and State of New York, Appellants.

Fourth Department, June 5, 1940.

*Joseph A. Wechter* [*Melvin L. Bong* with him on the brief], for all appellants except Riefler Brothers.

*Mark N. Turner* [*John E. Leach* with him on the brief], for the appellants Riefler Brothers.

*Fredric Weyand* [*William E. Carroll* with him on the brief], for the respondents.

PER CURIAM. The judgment entered upon the report of the official referee enjoins the mayor and the village trustees of the village of Orchard Park from constructing all or any part of a sewer system without first submitting a proper proposition to the vote of the village taxpayers, as provided in the Village Law, contract for the construction of which sewer system was let April 20, 1939. The contractor is also enjoined from proceeding further with the contract.

The decision of the official referee is based principally upon his conclusion that the contract as let varied substantially from the proposal as approved by the voters at a referendum held August 25, 1938.

Since the entry of judgment and the taking of this appeal, the Legislature enacted the " Nineteen Hundred Forty Validating Act " which became a law April 15, 1940, effective immediately. (Laws of 1940, chap. 500.)

The language of the validating act is in our opinion broad enough to include the acts and proceedings taken by the village officials in the instant case. It follows in principle other existent legislation designed to facilitate the development of municipal projects by eliminating technical barriers where government aid is granted during the period of the so-called emergency. (See Laws of 1933 chap. 782, and amendments thereto; McKinney's Unconsolidated Laws, § 1674.) The Attorney-General of the State rendered his informal opinion that even under the last-mentioned statute (Laws of 1933, chap. 782) a town board was authorized to proceed with a P. W. A. construction project without submitting the matter to a referendum as provided in the Town Law. (48 State Dept. Rep. 709, 806. See, also, *Spano* v. *City of Middletown,* 169 Misc. 338.) It does not appear that that statute (Laws of 1933, chap. 782) was brought to the attention of the official referee.

The Legislature apparently had it in mind to remove all possible remaining barriers when it enacted chapter 500 of the Laws of 1940. That statute is clearly retroactive and its language broad enough to include the instant case.

Where such a statute is enacted after judgment and pending appeal the appellate court may dispose of the case in accordance with the law as found in such a statute. (*Robinson* v. *Robins Dry Dock & Repair Co.,* 238 N. Y. 271; *Matter of Deth* v. *Castimore,* 245 App. Div. 156.)

Were it not for the curative statutes we would not disturb the findings of fact as found by the official referee. However, in view of that statute (Laws of 1940, chap. 500), certain findings now

become immaterial. We accordingly disapprove and reverse findings of fact Nos. 3, 4, 5, 7, 8, 9, 10, 11, 12, 13, 14, 16, 18, 19, 20, 21, 22, 23.

We approve the remaining findings of fact contained in the decision, together with the findings of fact as found by the referee in the requests to find submitted by defendants village officials and by defendant Riefler Brothers.

We reverse conclusions of law numbered 1 to 11, inclusive.

The judgment is reversed on the law and facts, without costs of this appeal to any party, and the complaint dismissed, without costs.

Certain findings of fact disapproved and reversed.

All concur. Present — CROSBY, P. J., TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Judgment reversed on the law and facts, without costs of this appeal to any party, and complaint dismissed, without costs. Certain findings of fact and conclusions of law disapproved and reversed and new conclusions made.