MARION L. ROBINSON, as Administratrix of the Estate of GEORGE ROBINSON, Deceased, Appellant, v. ROBINS DRY DOCK AND REPAIR COMPANY et al., Respondents.

Constitutional law — limitation of actions — negligence — when action for death through alleged negligence commenced more than two years after death barred though Workmen's Compensation Law had been erroneously held by courts of this state to apply — section 32-a of Civil Practice Act permitting commencement of such an action after time limited by statute valid — when appellate court may dispose of case in accordance with law enacted after judgment and pending appeal.

1. Where plaintiff, after the death of her husband from injuries received in the course of and arising out of his maritime employment, applied to the State Industrial Commission for compensation which was awarded to her, all of the courts of this State at that time upholding the right to compensation of a claimant under similar circumstances, but thereafter payment of compensation was terminated following a decision of the United States Supreme Court that the Workmen's Compensation Law did not apply to a person employed as was plaintiff's husband, an action brought by her as administratrix, to recover for his death, alleged to have been caused by the negligence of defendants, is, nevertheless, barred under section 1902 of the Code of Civil Procedure where commenced more than two years after the decedent's death and the courts are powerless to afford any relief. Nor can it be held under such circumstances that the action had been stayed by an order of a court or by statutory prohibition within the meaning of section 406 of the Code of Civil Procedure.

2. By section 23-a of the Civil Practice Act, however, enacted after the Appellate Division had rendered its decision herein, the Legislature provided that in a case like the present a plaintiff may commence an action after the time limited by general or special laws " and within one year after this act goes into effect." The statute was enacted solely for the purpose of enabling a party to bring an action when without such statute lapse of time would furnish a complete defense and, under the circumstances of this action, is valid. The intention of the Legislature seems clear to make the statute apply to actions which had been previously begun and were then pending as well as to actions which should be begun thereafter, and where a statute

which is clearly intended to be retroactive and to apply to pending litigation is enacted after judgment and pending appeal, the appellate court may dispose of the case in accordance with the law as changed by the statute. The motion for judgment upon the ground that the action is barred by the statute will, therefore, be denied.

*Robinson* v. *Robins Dry Dock & Repair Co.*, 204 App. Div. 578, reversed.

· (Submitted April 9, 1924; decided May 20, 1924.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 2, 1923, unanimously affirming a judgment in favor of defendants entered upon orders of Special Term granting motions, by defendants, for judgment on the pleadings.

*Thomas J. O'Neill, Leonard F. Fish* and *Patrick J. McMahon* for appellant. The Statute of Limitations was not applicable to this ·action and the time within which to bring the action did not run while the Workmen's Compensation Act was in operation, and while the defendant, the Robins Dry Dock and Repair Company, was paying compensation to the plaintiff thereunder, because this action was prohibited by the said Workmen's Compensation Act until after the said act was adjudicated by the Federal court to be in violation of the Federal Constitution. (*Jacobus* v. *Colgate*, 217 N. Y. 235.)

*Paul Koch* for Robins Dry Dock and Repair Company, respondent. The action herein not having been commenced within the time limited by section 1902 of the Code of Civil Procedure, the plaintiff's cause of action was barred. (*Shanahan* v. *Monarch Eng. Co.*, 219 N. Y. 469; *Knickerbocker Ice Co.* v. *Stewart*, 253 U. S. 149; 226 N. Y. 362; Cooley on Const. Lim. [1st ed.] 259; *Norton* v. *Shelby Co.*, 118 U. S. 425; *Clarke* v. *Miller*, 54 N. Y. 113; *Hoven* v. *Barkoff*, 44 N. Y. 113; *Western Fuel Co.* v. *Garcia*, 257 U. S. 233; *Davis* v. *Mills*, 194 U. S. 451; *Jacobus* v. *Colgate*, 217· N. Y. 235; *The Harrisburgh*,

119 U. S. 199.)   The Statute of Limitations ran from the date of decedent's death and was not suspended until such time when the act was declared unconstitutional. (*S. P. R. R. Co.* v. *Jensen,* 244 U. S. 205.)

*Peter M. Speer, Percy J. King* and *Courtland Palmer* for Standard Transportation Company, respondent: The Statute of Limitations having run this action was brought too late. (*Merritt* v. *Scott,* 3 Hun, 657; *Peterson* v. *D. R. Ferry Co.,* 190 Penn. St. 364.)   The commencement of any alleged cause of action herein for damages against defendant, Standard Transportation Company, was not stayed by an injunction, or other order of any court or judge or statutory prohibition.   (Wood on Limitations, 1192, § 252; *Hanke* v. *N. Y. C. R. R. Co.,* 181 App. Div. 53.)   A law unconstitutional in part or in whole is as to the unconstitutional part not a law, imposes no duties, affords no protection and is inoperative as though it had never been passed.   (*Knickerbocker Ice Co.* v. *Stewart,* 253 U. S. 155; *Norton* v. *Shelby Co.,* 118 U. S. 442; *Wyandotte Co.* v. *Kansas City R. R. Co.,* 47 Pac. Rep. 326; *Niagara Fire Ins. Co.* v. *Cornell,* 110 Fed. Rep. 816; *Popper* v. *Broderick,* 123 Cal. 456; *Minnesota Sugar Co.* v. *Iverson,* 10 Minn. 6; *Finders* v. *Bodle,* 51 Neb. 57; *State* v. *Ins. Co.,* 900 N. W. Rep. 405; *State* v. *Garner,* 66 Ohio St. 555; *Ellinger* v. *Com.,* 102 Va. 100.)

LEHMAN, J.   The plaintiff's intestate was killed while working as an employee of the defendant Robins Dry Dock and Repair Company on May 20th, 1918.   In December, 1920, this plaintiff began this action alleging in her complaint that the death of the intestate was caused by the negligence of both defendants.   Both defendants pleaded as an affirmative defense that the action was not commenced within two years after the death of plaintiff's intestate.   The plaintiff in reply to this defense pleaded

18

that after the death of the intestate she applied for compensation under the Workmen's Compensation Act and she procured such compensation until October 15th, 1920, when the payment of compensation was terminated by order of the State Industrial Commission after the Supreme Court of the United States had rendered a decision that the Workmen's Compensation Law of the State of New York " did not apply to a person employed as this plaintiff's intestate was." The defendants moved for judgment on the pleadings dismissing the complaint on the ground that the reply is insufficient in law. The defendants' motion was granted and the order granting the motion has been affirmed by the Appellate Division.

Section 1902 of the Code of Civil Procedure provided that an action by an executor or administrator of a decedent to recover damages for a wrongful act, neglect or default by which the decedent's death was caused " must be commenced within two years after the decedent's death." The present action was begun more than two and a half years after the decedent's death and was, therefore, barred unless part of this period may under some rule of law be excluded from the time limited for the commencement of the action. At the time of the death of the plaintiff's intestate the Workmen's Compensation Act in form covered injuries even in cases which like the present case, would otherwise come under admiralty or maritime jurisdiction. In October, 1917, the Congress of the United States, apparently for the purpose of meeting the objection pointed out in the case of *Southern Pacific Co.* v. *Jensen* (244 U. S. 205), that the separate States had no power to create a new form of liability in such cases, amended the United States Judicial Code by inserting what was in effect a delegation of such power to the States. Upon the assumption that the Workmen's Compensation Act gave her a right to compensation for her husband's death the plaintiff applied for such compensation; upon the same assumption the State

Industrial Commission made an award to her. All the courts of this State upheld the right to compensation of a claimant under similar circumstances, but their decisions were overruled by the Supreme Court in the case of *Knickerbocker Ice Co.* v. *Stewart* (253 U. S. 149) which held this attempted amendment unconstitutional. This decision was rendered too late to enable the plaintiff to begin her action within the time limited by the statute.

The courts below have decided that, although this plaintiff failed to bring her action within the time limited because an alternative remedy which as against the employer was exclusive, was apparently granted to her by a statute enacted by the Legislature of this State with the consent of the Congress of the United States and declared constitutional and effective by the Court of Appeals of this State, yet the courts are powerless to afford her any relief if under the express terms of the statute the action is now barred. We are compelled to agree with this conclusion. The Legislature has created the plaintiff's cause of action and it has expressly limited the time during which it may be brought. The courts can no more create a new limitation or waive the legislative limitation for the plaintiff's benefit than they could create a new cause of action for her. Reliance upon a statute which has been declared unconstitutional by the court of final authority can result in no new legal rights. The only question which the courts below could consider was whether from the language of the Code itself any legislative intent may be gathered to exclude from the time limited for the commencement of the action, the period during which a statute conferring an alternative remedy which was exclusive against the employer was held to be valid by the courts of this State. Section 406 of the Code of Civil Procedure provided that " where the commencement of an action has been stayed by * * * order of a court or judge, or by statutory prohibition, the time of the continuance of the stay is

not a part of the time, limited for the commencement of the action." To hold that under the circumstances here disclosed the present action has ever been " stayed " by an order of a court or by statutory prohibition within the meaning of the Code provision would probably stretch its language far beyond the legislative intent.

The fact that the courts can afford no relief to this plaintiff and to others who may be similarly situated seems to have spurred the Legislature to come to their relief, for in May, 1923, after the Appellate Division had rendered its decision herein the Legislature enacted a new section (23-a) to the Civil Practice Act (Chapter 392 of the Laws of 1923) which provides that in a case like the present a plaintiff may commence an action after the time limited by general or special laws " and within one year after this act goes into effect," and we must upon this appeal consider not merely whether the decision of the courts below was correct when rendered but also the effect of this action by the Legislature upon the plaintiff's rights.

The statute was enacted solely for the purpose of enabling a party to bring an action when, without such statute, lapse of time would furnish a complete defense. It results, therefore, in depriving the defendant of a valid defense. In the recent case of *Hopkins* v. *Lincoln Trust Co.* (233 N. Y. 213) this court has pointed out that the power to revive a right of action already barred has been upheld in some jurisdictions and denied or doubted in others, while in our own State there are conflicting dicta. The conflicting grounds of decision are set forth in the prevailing opinion of Mr. Justice MILLER and the dissenting opinion of Mr. Justice BRADLEY in *Campbell* v. *Holt* (115 U. S. 620). In that case it was held that the Legislature may repeal a statute of limitation of actions on personal debts even where the right of action is already barred, without depriving a debtor of his property in violation of the Fourteenth Amendment of the Constitution of the United States. The decisions of some

State courts furnish strong and possibly preponderating authority against this conclusion but upon this appeal we need not decide which line of authority the courts of this State should eventually follow for the exercise of the legislative power may be upheld in this case upon grounds which are applicable even if the general power to revive a cause of action for personal debts or a cause of action for tort is doubted or denied.

In the case of *Danforth* v. *Groton Water Co.* (178 Mass. 472) the court had under consideration a state of facts in some respects similar to the state of facts involved here. In that case the defendant water company had been incorporated under a charter which gave it the right to enter upon the lands of others and provided for compensation to be paid to the owners of such lands after assessment of damages " in the manner provided by law when land is taken for the laying out of highways." Such assessment was to be made " on application at any time within one year from the taking of such land or other property under authority of this act; but no such application shall be made after the expiration of the said year." The plaintiff in that case brought proceedings in the Supreme Court to recover damages without having made any application in the first instance to the county commissioners for the assessment of such damages within a year after the taking of his land. For this reason the petition was dismissed in the Superior Court for lack of jurisdiction. An appeal was taken to the Supreme Court which was submitted on March 6th, 1900, and on May 17th, 1900, the Supreme Court handed down a rescript affirming the action of the lower court. The Supreme Court granted a re-argument when its attention was called to the fact that on May 4, 1900, the Legislature had passed a statute which provided that " No petition now or hereafter pending in the Superior Court for the assessment by a jury of damages sustained by any person by reason of any taking of property in the exercise of the

right of eminent domain shall be dismissed for want of jurisdiction in said court solely on the ground that no previous application for the assessment of such damages had been made to a board of county commissioners or that no award thereof had previously been made by a board of county commissioners. The Superior Court shall have jurisdiction to hear and determine all such petitions now or hereafter filed or pending therein notwithstanding the lack of such previous application to or award by a board of county commissioners." Upon the re-argument the previous decision of the court was reversed in an opinion by Chief Justice HOLMES in which he points out that in spite of later intimations of the Supreme Court of Massachusetts that in cases like *Campbell* v. *Holt,* a repeal of a statutory bar after the period of limitations was complete would have no effect, yet " the prevailing judgment of the profession has revolted at the attempt to place immunities which exist only by reason of some slight technical defect on absolutely the same footing as those which stand on fundamental grounds. Perhaps the reasoning of the cases has not always been as sound as the instinct which directed the decisions. It may be that sometimes it would have been as well not to attempt to make out that the judgment of the court was consistent with constitutional rules, if such rules were to be taken to have the exactness of mathematics. It may be that it would have been better to say definitely that constitutional rules like those of the common law end in a penumbra where the Legislature has a certain freedom in fixing the law as has been recognized with regard to the police power. (*Camfield* v. *U. S.,* 167 U. S. 518, 523, 524.) But, however that may be, multitudes of cases have recognized the power of the Legislature to call a liability into being where there was none before, if the circumstances were such as to appeal with some strength to the prevailing views of justice and if the obstacle in the way of creation seemed small."

In the subsequent case of *Dunbar* v. *Boston & P. R. R. Corporation* (181 Mass. 383) the court again in an opinion by Chief Justice Holmes stated " that the constitutional provisions allow a certain limited degree of latitude in dealing with cases where remedies have been extinguished by lapse of time when the seeming infraction of right is not very great and when justice requires relief. It is unnecessary to go so far as *Campbell* v. *Holt*."

We have quoted at length from these opinions because they illustrate the difficulty and the danger of giving a general judicial definition to the extent of a limitation imposed by the Constitution. All the cases including *Campbell* v. *Holt* (*supra*) recognized that in some cases the right to interpose a bar to a right of action constitutes in effect a property right which the Legislature may not take away, but at the other extreme are cases where both instinct and reason revolt at the proposition that redress for a wrong must be denied because the Legislature may not remove a statutory bar which has conferred an immunity which is contrary to all prevailing ideas of justice. In view of the fact that this court has held that the plaintiff had a right to compensation under the Workmen's Compensation Act we can hardly ascribe to the plaintiff any fault in attempting to avail herself of this apparent right. The limitation imposed by section 1902 of the Code of Civil Procedure upon the right of action which this plaintiff is now asserting was intended to bar a belated assertion of a cause of action by one who slept on his rights. The Workmen's Compensation Act apparently gave this plaintiff an alternative right which she asserted promptly and when the apparent right conferred by that statute was declared invalid she promptly asserted her original rights. The situation accidentally produced by reliance on an apparently valid statute reasonably calls for remedy. The bar of the statute imposed for the protection of the defendants against belated claims is being used to deprive a plaintiff

without fault of a cause of action based on defendants' wrong. Here is no arbitrary deprivation by the Legislature of the rights of one party in order to confer a new right upon another party. The Legislature originally gave this plaintiff a right of action against these defendants. It imposed a bar after the expiration of a period of time during which it was contemplated a plaintiff would have reasonable opportunity to enforce the right of action. The subsequent assertion of power of the Legislature to give an alternative remedy, acquiesced in by the courts of this State, rendered the plaintiff's apparently reasonable opportunity to bring an action within the time limited almost illusory. She has suffered a legal wrong for which the Legislature gave a remedy and by the unforeseen result of subsequent attempted legislation she has in effect been deprived of this remedy. The extension of the time to bring her action was reasonable and this exercise of the legislative power should not be declared invalid because of a constitutional limitation of doubtful application. We are not called upon to decide and do not decide that under any other circumstances an attempted exercise of similar power would be valid.

There remains only the question whether the extension of the time in which to bring the action can destroy a defense which was valid when interposed and which was properly declared valid when the courts below passed upon the case or whether the plaintiff must bring a new action in which such defense cannot be interposed. The Legislature has expressly declared that the act was to be retroactive and such declaration was unnecessary to make clear that causes of action for injuries previously suffered were included within the scope of the act for its application was confined by its previous language to such causes of action. The intention of the Legislature, therefore, seems clear to make the statute apply to actions which had been previously begun and were then pending as well as to actions which should be begun thereafter.

There is some conflict of decision in the various jurisdictions as to whether a case should be determined according to the law in effect when the judgment was rendered in the lower court or according to the law in effect at the time the cause was disposed of on appeal, but both reason and the weight of authority seem to point to the view that where a statute which is clearly intended to be retroactive and to apply to pending litigation is enacted after judgment and pending appeal, the appellate court may dispose of the case in accordance with the law as changed by the statute. We have already pointed out that in the case of *Danforth* v. *Groton Water Co.* (*supra*) the Massachusetts Supreme Court upon reargument reversed a judgment of the lower court which was correct when rendered because pending the appeal the bar of the earlier statute was repealed. " It is in the general true that the province of an appellate court is only to inquire whether a judgment when rendered was erroneous or not. But if subsequent to the judgment and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied." ( *U. S.* v. *Schooner Peggy*, 1 Cranch, 103. See, also, *Dinsmore* v. *Southern Express Co.*, 183 U. S. 115; *Un. Pac. R. R.* v. *Snow*, 231 U. S. 204.)

For these reasons the judgments should be reversed, with costs in all courts, and motion for judgment on pleadings denied, without costs.

CARDOZO, POUND and CRANE, JJ., concur; HISCOCK, Ch. J., McLAUGHLIN and ANDREWS, JJ., dissent.

Judgments reversed, etc.