WERNER GALLEWSKI, as Ancillary Administrator of the Estate of FRITZ B. GUTMANN, Deceased, Plaintiff, *v.* H. HENTZ & Co., Defendant.

Supreme Court, Special Term, New York County, June 1, 1949.

*Paul Simon* and *Milton S. Gould* for plaintiff.

*Donald Marks, John S. V. Kilmartin* and *Paul L. Franken* for defendant.

MILLER, J.   This is a motion for summary judgment dismissing the complaint on the basis of the Statute of Limitations.

The plaintiff's intestate appears to have been a citizen and resident of the Netherlands who, during the occupation of that country by the German army, was arrested and deported to a concentration camp and not heard of thereafter.   The answering affidavit points out that in May, 1940, when the moving affidavit claims the cause of action arose, the Netherlands was occupied by the Germans and that the country was not liberated until March, 1945.

Prior to 1949, section 27 of the Civil Practice Act provided that '' Where a person is disabled to sue in the courts of the state by reason of either party being an alien subject or citizen of a country at war with the United States the time of the continuance of the disability is not a part of the time limited for the commencement of the action '', and section 28 provided that '' A person cannot avail himself of a disability unless it existed when his right of action or of entry accrued ''.   In *Nathan* v. *Equitable Trust Co.* (250 N. Y. 250), it was held that section 28 applied to the disability mentioned in section 27 and that, therefore, the action was barred because the cause of action had accrued prior to the commencement of the disability.   Sections 27 and 28 were amended by chapter 326 of the Laws of 1949, on recommendation of the Law Revision Commission so as to overcome the effect of the decision in *Nathan* v. *Equitable Trust Co.* (*supra*).   Section 27 was amended by adding the words '' whether the cause of action arose during or prior to the period of such disability '' and section 28 was amended by adding the words '' Except as provided in section twenty-seven ''.   In addition, the Legislature provided that the act was to apply even to actions already barred by the Statute of Limitations with a specified exception.

Defendant maintains that section 27 does not avail the present plaintiff because by its terms it applies only to a situation where a person's disability to sue in the courts of this State is due to his being " an alien subject or citizen of a country at war with the United States ". It is unnecessary, however, in the court's opinion, to determine whether plaintiff is entitled to the benefit of sections 27 and 28 as amended, since the provisions of section 24 of the Civil Practice Act appear to constitute a good defense to the motion to dismiss on the basis of the Statute of Limitations. Section 24 provides that " Where the commencement of an action has been stayed by  *   *   *   statutory prohibition, the time of the continuance of the stay is not a part of the time limited for the commencement of the action ". During the period from December, 1941, to March, 1945, the Trading with the Enemy Act prohibited the maintenance of the cause of action in the courts of this State, since we were at war with Germany, whose troops then occupied the Netherlands. That act included within the definition of " enemy " " Any individual  *   *   * resident within the territory (*including that occupied by the military and naval forces*) of any nation with which the United States is at war ". (Italics supplied.) (U. S. Code, tit. 50, Appendix, § 2; see, also, *H. P. Drewry, S.A.R.L.*, v. *Onassis*, 266 App. Div. 292, 295–296.)

Section 28 of the Civil Practice Act which now provides that " Except as provided in section twenty-seven, a person cannot avail himself of a disability unless it existed when his right of action or of entry accrued " applies to the disabilities referred to in sections 27, 43 and 60 of the Civil Practice Act (*Nathan* v. *Equitable Trust Co., supra*). It does not apply, however, to situations covered by section 24 of the Civil Practice Act. In the cited case the appellants urged that the word " disabled " contained in section 27 was used rhetorically and did not indicate a legislative intent to include the type of situation covered by section 27 among the disabilities mentioned in section 28. The appellants argued that section 28 applied only to the disabilities referred to in sections 43 and 60 (p. 254) " and that a disability caused by the existence of a state of war must be treated in a manner similar to a suspended right to sue caused by an injunction as provided in section 24 of the Civil Practice Act." The Court of Appeals apparently acquiesced in the appellant's assumption that section 28 did not apply to situations covered by section 24. Had it thought otherwise, it undoubtedly would have answered appellants' argument by declaring that section

28 applied to section 24 as well as to sections 27, 43 and 60. Instead of doing so, the court went to great pains to show that historically the predecessor of section 28 was intended to cover the type of situation embraced in the predecessor of section 27. The opinion may therefore be regarded as authority for the proposition that section 28 does not apply to cases where the commencement of an action is stayed for the reasons specified in section 24. It is to be observed that although sections 27, 43 and 60 of the Civil Practice Act use the words " disabled " or " disability ", section 24 does not contain either of those words.

It may not be amiss to point out that, although chapter 326 of the Laws of 1949 amended sections 27 and 28 so as to provide that where a person's disability to sue is due to his being an alien subject or citizen of a country at war with the United States, he may avail himself of the disability even if his cause of action accrued prior to the commencement of the disability, no similar amendment was made in respect of a situation covered by section 24. To hold that section 28 includes cases covered by section 24 would therefore mean that a subject or citizen of Germany, Italy or Japan, countries with which we were at war, could sue in cases where persons not nationals of our enemies but merely resident in territory occupied by them could not sue, thus giving our former enemies greater rights than citizens of our allies.

The motion to dismiss the complaint on the basis of the Statute of Limitations is accordingly denied.