WERNER GALLEWSKI, as Ancillary Administrator of the Estate of FRITZ B. GUTMANN, Deceased, Respondent, v. H. HENTZ & COMPANY, Appellant.

Argued May 17, 1950; decided July 11, 1950.

*Donald Marks, John Kilmartin, Julius B. Baer* and *Arthur M. Bullowa* for appellant.   I. Section 27 of the Civil Practice Act, prior to its amendment by chapter 326 of the Laws of 1949, did not toll the Statute of Limitations during the war because it did not operate in favor of a citizen of an enemy-occupied nation.   (*Gregoire* v. *G. P. Putnam's Sons*, 298 N. Y. 119; *Arnold* v. *Mayal Realty Co.*, 299 N. Y. 57; *Medvedieff* v. *Cities Service Oil Co.*, 35 F. Supp. 999; *Nagle* v. *Loi Hoa*, 275 U. S. 475; *American Ins. Co.* v. *Canter*, 1 Pet. [U. S.] 511.)   II. Sections 27 and 28 of the Civil Practice Act, as amended by chapter 326 of the Laws of 1949 did not toll the Statute of Limitations during the war because the amended sections did not apply to plaintiff's cause of action. (*Hopkins* v. *Lincoln Trust Co.*, 233 N. Y. 213; *Dunbar* v. *Boston & Providence R. R.*, 181 Mass. 383; *Jacobus* v. *Colgate*, 217 N. Y. 235; *Shielcrawt* v. *Moffett*, 294 N. Y. 180; *Matter of Berkovitz* v. *Arbib & Houlberg*, 230 N. Y. 261; *O'Reilly* v. *Utah, Nevada & Cal. Stage Co.*, 87 Hun 406; *Isola* v. *Weber*, 147 N. Y. 329; *United States* v. *Jin Fuey Moy*, 241 U. S. 394; *Saltser & Weinsier* v. *McGoldrick*, 295 N. Y. 499.) III.   Revival of plaintiff's cause of action by the amendment of sections 27 and 28 of the Civil Practice Act by chapter 326 of the Laws of 1949 was an unconstitutional exercise of legislative

power. Plaintiff's cause of action was barred by the Statute of Limitations prior to the amendment of sections 27 and 28 of the Civil Practice Act by chapter 326 of the Laws of 1949. (*Nathan* v. *Equitable Trust Co.*, 250 N. Y. 250.) IV. Chapter 326 of the Laws of 1949, as applied to revive plaintiff's cause of action, violates the Fourteenth Amendment of the United States Constitution and section 6 of article I of the New York State Constitution. (*Hopkins* v. *Lincoln Trust Co.*, 233 N. Y. 213; *Robinson* v. *Robins Dry Dock & Repair Co.*, 238 N. Y. 271; *Huffman* v. *Alderson's Administrator*, 9 W. Va. 616; *Calhoun* v. *Kellogg*, 41 Ga. 231; *Germania Sav. Bank* v. *Village of Suspension Bridge*, 159 N. Y. 362.) V. Chapter 326 of the Laws of 1949, as applied to revive plaintiff's cause of action, violates the Fourteenth Amendment of the United States Constitution and section 11 of article I of the New York State Constitution in that it denies defendants the equal protection of the law. (*Smith* v. *Cahoon*, 283 U. S. 553; *Power Mfg. Co.* v. *Saunders*, 274 U. S. 490; *People ex rel. Farrington* v. *Mensching*, 187 N. Y. 8; *Merchants Refrig. Co.* v. *Taylor*, 275 N. Y. 113.) VI. The Statute of Limitations was not tolled under the provisions of section 24 of the Civil Practice Act. (*Ex parte Colonna*, 314 U. S. 510; *Chemacid S. A.* v. *Ferrotar Corp.*, 51 F. Supp. 756.)

*Milton S. Gould* and *Paul Simon* for respondent. I. Section 27 of the Civil Practice Act, as amended by the Laws of 1949, is applicable in favor of a citizen of an enemy-occupied country. II. Sections 27 and 28 of the Civil Practice Act, as amended by chapter 326 of the Laws of 1949, apply to plaintiff's cause of action and effectively toll the Statute of Limitations during the war. (*Nathan* v. *Equitable Trust Co.*, 250 N. Y. 250; *Campbell* v. *Holt*, 115 U. S. 620; *Chase Securities Corp.* v. *Donaldson*, 325 U. S. 304.) III. Section 27, as amended by the Laws of 1949, is a constitutional exercise of legislative power. (*Campbell* v. *Holt*, 115 U. S. 620; *Chase Securities Corp.* v. *Donaldson*, 325 U. S. 304; *Robinson* v. *Robins Dry Dock & Repair Co.*, 238 N. Y. 271; *People ex rel. Farrington* v. *Mensching*, 187 N. Y. 8.) IV. The Trading with the Enemy Act imposed a statutory prohibition against the commencement of an action for the enforcement of plaintiff's claim within the meaning of section 24 of the Civil Practice Act, suspending the Statute of Limitations during the period from December 7, 1941,

to March, 1945. Consequently, this action was commenced within the applicable period of limitation. (*Ex parte Colonna,* 314 U. S. 510; *Ex parte Kawato,* 317 U. S. 69; *Sundell* v. *Lotmar Corp.,* 44 F. Supp. 816; *The Santa Lucia,* 44 F. Supp. 793; *The Leontios Teryazos,* 45 F. Supp. 618; *Rothbarth* v. *Herzfeld,* 179 App. Div. 865, 223 N. Y. 578; *H. P. Drewy, S. A. R. L.* v. *Onassis,* 266 App. Div. 292, 291 N. Y. 779.)

CONWAY, J.   Defendant appeals, by permission, from an order denying a motion for summary judgment seeking a dismissal of the complaint upon the ground that the cause of action alleged therein did not accrue within the time limited by law for the commencement of the action.

In November of 1934, Fritz B. Gutmann, a citizen and resident of the Netherlands, entered into an agreement with defendant, a New York brokerage firm, whereby defendant agreed to buy and sell securities for Gutmarn " upon his instruction and request, and to act with respect to the proceeds of such sales in accordance with his instructions." From time to time, defendant, at Gutmann's request, advanced all or part of the purchase price paid for the securities and debited his account with said amounts, plus interest.   On April 30, 1940, pursuant to this agreement, defendant held for Gutmann's account a list of securities subject to an indebtedness for advances and interest of $23,919.35.

Between May 14, 1940, and May 22, 1940, defendant " without the knowledge, consent and authorization of decedent [Gutmann], and in violation of the agreement of employment ", sold the major portion of the securities held for Gutmann's account and, out of the proceeds of such sales, reduced Gutmann's indebtedness to it.   Prior to the sales, defendant had not demanded payment of the indebtedness, nor had it notified Gutmann " of the time and place of such sales, as required by law and agreement of employment " between Gutmann and defendant.

The Netherlands was invaded by the German Army on May 10, 1940, and was quickly occupied. During the occupation, Gutmann was arrested and deported to a concentration camp in Czechoslovakia, then occupied by the German Army, and there detained. He has not been heard of since.

After the liberation of the Netherlands in March of 1945, a curator of Gutmann's assets was appointed pursuant to the law of that country. After repeated requests by the curator, defendant disclosed the above-mentioned sales between May 14 and May 22, 1940, in a letter dated April 4, 1946. In May of 1946, in accordance with the law of the Netherlands, Gutmann's death was established as of April or May, 1944, by decree of a court. The curator was then relieved of office and Gutmann's children, for the first time, were permitted to take possession of his assets. In October of 1946, plaintiff was appointed ancillary administrator of Gutmann's estate by the Surrogate's Court of New York County.

In this action, the ancillary administrator seeks to recover $90,135.59, representing the highest intermediate value of the securities allegedly sold without authorization, and the total of the dividends and interest which would have accrued on said securities.

The defense with which we are here concerned is that the action is barred by the Statute of Limitations. Defendant contends that the latest date on which the cause of action for breach of contract could have accrued was May 22, 1940, and, since this action was commenced on March 29, 1948, seven years, ten months and seven days later, it is barred by the six-year Statute of Limitations. (Civ. Prac. Act, § 48.)

In its memorandum denying defendant's motion for summary judgment, Special Term held that section 24 of the Civil Practice Act, read in connection with the Trading with the Enemy Act (U. S. Code, tit. 50, Appendix, § 2) tolled the Statute of Limitations from December, 1941 (the declaration of war by the United States against Germany), to March, 1945 (the time, as agreed upon by the parties, of the liberation of the Netherlands) and that, deducting this period of approximately three years and three months, the action was timely commenced. The theory adopted by Special Term was that, under section 24, '' where the commencement of an action has been stayed by  *  *  *  statutory prohibition, the time of the continuance of the stay is not a part of the time limited for the commencement of the action '', and that since residents of enemy-occupied countries were themselves '' enemies '' within the meaning of the Trading with the Enemy Act they were prohibited from maintaining any actions

in the courts of this State during the continuance of the state of war and the occupation. (195 Misc. 507.)

The Appellate Division, in affirming, did not decide whether Special Term was correct in denying the motion on the authority of section 24 of the Civil Practice Act and the Trading with the Enemy Act (*supra*). It said: " Regardless of whether the limitation of time in which to commence this action would otherwise be regulated by section 24 of the Civil Practice Act, the action is included in the more restricted class defined by section 27." (276 App. Div. 219, 220.) Section 27 of the Civil Practice Act, thus mentioned by the Appellate Division, was amended, together with section 28, upon the recommendation of the Law Revision Commission after the commencement of this action but before the decision on the motion at Special Term. (L. 1949, ch. 326.) In their amended forms the sections read as follows (italicized matter added in 1949) :

" § 27. EFFECT OF WAR OF RIGHT OF ALIEN. Where a person is disabled to sue in the courts of the state by reason of either party being an alien subject or a citizen of a country at war with the United States, *whether the cause of action arose during or prior to the period of such disability*, the time of the continuance of the disability is not a part of the time limited for the commencement of the action.

" § 28. DISABILITY MUST EXIST WHEN RIGHT ACCRUES. *Except as provided in section twenty-seven, a* person cannot avail himself of a disability unless it existed when his right of action or of entry accrued."

Prior to the amendment, it had been held by this court in *Nathan* v. *Equitable Trust Co.* (250 N. Y. 250) that the extension of time granted by section 27 was not available to a citizen or subject of an enemy power where the right to sue existed before the declaration of war. It was unquestionably to change this rule in the *Nathan* case (*supra*) that the Legislature amended sections 27 and 28 in 1949 in the manner above noted.

The Appellate Division construed section 27, as above quoted, to include a person situated as was Gutmann in the instant case. The court felt that the " intention " of section 27, " would seem to be broad enough to include citizens of enemy-occupied countries." (P. 220.) The court then considered the problem of whether the amended statute could constitutionally revive a

cause of action which was already barred (by virtue of the rule in the *Nathan* case, *supra*) when the amendment was enacted. There was no doubt as to the legislative *intent* in this respect, for in passing chapter 326 of the Laws of 1949, the Legislature had, in section 3 thereof, provided: " § 3. This act shall take effect immediately and shall apply to actions heretofore accrued or hereafter accruing and whether or not such actions have heretofore been barred by any statute of limitations, provided, however, that nothing herein contained shall operate to revive a cause of action heretofore barred where such revival would affect an interest in property which has resulted from the expiration of the time heretofore limited by law for the commencement of an action."

By express direction therefore, this was a revival statute. The proviso was added to meet the constitutional test first stated in *Campbell* v. *Holt* (115 U. S. 620), and which was recently reaffirmed and explained by the Supreme Court of the United States in *Chase Securities Corp.* v. *Donaldson* (325 U. S. 304, 311–312) as follows: " In *Campbell* v. *Holt, supra,* this Court held that where lapse of time has not invested a party with title to real or personal property, a state legislature, consistently with the Fourteenth Amendment, may repeal or extend a statute of limitations, even after right of action is barred thereby, restore to the plaintiff his remedy, and divest the defendant of the statutory bar. This has long stood as a statement of the law of the Fourteenth Amendment  *  *  *."

In the case at bar the Appellate Division found it unnecessary to decide whether the rule of *Campbell* v. *Holt* (*supra*), is generally applicable in New York State. It pointed out that the question was mentioned but specifically reserved in two cases in this court — *Hopkins* v. *Lincoln Trust Co.* (233 N. Y. 213, 215), and *Robinson* v. *Robins Dry Dock & Repair Co.* (238 N. Y. 271, 276–277). The Appellate Division acknowledged that most States hold it is beyond the power of the Legislature to revive causes of action after the limitation period has expired, regardless of whether they are in rem or in personam. (276 App. Div. 221.) Nevertheless, the court said (p. 222), " this rule is not absolute, and does not invalidate legislation lifting the bar where the circumstances are such as to indicate the presence of a strong moral obligation to do so." After citing the *Robinson*

case (*supra*), and *Huffman* v. *Alderson's Administrator* (9 W. Va. 616) (a Civil War case posing the same problem), the court said (276 App. Div. 222): " The obstruction to the prosecution of an action created by war conditions was regarded as a consideration of so compelling and extraordinary a nature as to justify a departure from the general rule."

After the Appellate Division granted leave to appeal to this court, and on April 17, 1950, the Legislature further amended the Civil Practice Act, by adding a new section 28-a, effective immediately, which reads as follows (L. 1950, ch. 759, § 1): " § 28-a. *Effect of war on non-enemies in enemy country or enemy-occupied territory.* If a person entitled to maintain an action, other than a person entitled to the benefits of section twenty-seven, was a resident of or a sojourner in a foreign country with which the United States or any of its allies were at war during the period beginning September first, nineteen hundred thirty-nine and ending August fourteenth, nineteen hundred forty-five, or any territory occupied by the government of such foreign country, the period of such residence or sojourn during which such foreign country was so at war with the United States or any of its allies, or during which such territory was so occupied, shall not be a part of the time limited in this article for commencing the action, provided, however, that the time limited for the commencement of such action shall not hereby be extended for more than one year after the effective date of this section." Section 2 of chapter 759 is a provision identical with section 3 of chapter 326 of the Laws of 1949, quoted (*supra*), page 171, to the effect that, except in the case of actions involving title to property, the new section should apply to causes of action theretofore accrued and barred.

In a case such as this, we apply the law as it exists at the time of our decision. (*Matter of Boardwalk & Seashore Corp.* v. *Murdock*, 286 N. Y. 494; *Robinson* v. *Robins Dry Dock & Repair Co.*, *supra*, p. 281; *Matter of Tartaglia* v. *McLaughlin*, 297 N. Y. 419, 424.)

The new section 28-a of the Civil Practice Act eliminates for us the troublesome construction problem which had been before the Appellate Division with respect to the application of section 27 to this case. Likewise, we find it unnecessary to consider plaintiff's contention with respect to the applicability of section

24 of the Civil Practice Act. It is now clear that the new section 28-a, by its terms, applies to the decedent Gutmann, who was a resident of or a sojourner in a territory occupied by a government with which we or our allies were at war between September 1, 1939, and August 14, 1945. We are still faced, however, with the problem of whether the Legislature, in enacting section 28-a, could constitutionally revive plaintiff's alleged cause of action which had been completely barred prior to the amendment. This, as both parties agreed upon the oral argument, is the decisive question on the present appeal.

As in the *Hopkins* and *Robinson* cases (*supra*), it is not necessary for us to approve or disapprove of the constitutional doctrine expressed in *Campbell* v. *Holt* (*supra*). Insofar as the language of that opinion declares that a State cannot constitutionally revive a cause of action affecting title to property, it is inapposite, both because the cause of action here involved is not of that type, and also because our statute by its terms does not apply to such a cause of action. Nor is it now necessary for us to adopt the broad and unqualified view that a State may constitutionally revive *any* personal cause of action, whatever the circumstances.

We choose to treat the case within the limits of our decision in the *Robinson* case (*supra*). There, the plaintiff's husband died of injuries sustained in the course of his employment as a maritime worker. The widow received an award of workmen's compensation insurance under our State act, pursuant to a congressional delegation of such power to the States. The United States Supreme Court subsequently held that act of Congress unconstitutional and payment of compensation to plaintiff was accordingly terminated. The widow then sued to recover damages for defendant's negligence. The action was commenced more than two years after its accrual and both courts below held it barred under the applicable Statute of Limitations. After the Appellate Division decision and before the appeal to this court, the Legislature enacted a new section of the Civil Practice Act providing that in such a case the plaintiff might commence an action after the time limited " and within one year after this act goes into effect ". We held that the revival of plaintiff's cause of action, under the circumstances, was not unconstitutional.

Judge LEHMAN, writing for the court, noted that the amendment resulted " in depriving the defendant of a valid defense " (p. 276), and he noted the conflict of authority on the question of the Legislature's power so to do. He then said (p. 277): " * * * but upon this appeal we need not decide which line of authority the courts of this State should eventually follow for the exercise of the legislative power may be upheld in this case upon grounds which are applicable even if the general power to revive a cause of action for personal debts or a cause of action for tort is doubted or denied." After observing " the difficulty and the danger of giving a general judicial definition to the extent of a limitation imposed by the Constitution ", he continued (p. 279): " * * * All the cases including *Campbell* v. *Holt* (*supra*) recognized that in some cases the right to interpose a bar to a right of action constitutes in effect a property right which the Legislature may not take away, but at the other extreme are *cases where both instinct and reason revolt at the proposition that redress for a wrong must be denied because the Legislature may not remove a statutory bar which has conferred an immunity which is contrary to all prevailing ideas of justice."* (Emphasis supplied.)

The *Robinson* case (*supra*) must be read, at the very least, as holding that a revival statute is not necessarily and per se void as a taking of " property " without due process of law. The case may be read, we think, as holding that the Legislature may constitutionally revive a personal cause of action where the circumstances are exceptional and are such as to satisfy the court that serious injustice would result to plaintiffs not guilty of any fault if the intention of the Legislature were not effectuated. This is no inclusive and categorical rule such as that expressed in *Campbell* v. *Holt* (*supra*), which many State courts have been unwilling to accept. The tests suggested in the *Robinson* case (*supra*) leave the court free to approach each revival statute on its individual merits, in the light of its own peculiar circumstances and setting.

The case at bar presents a situation in which revival — even if it be considered an extreme exercise of the legislative power — is entirely proper. World War II was an upheaval of unparalleled magnitude. The German occupation of its surrounding

European nations and the allied blockade, as we know, resulted in a complete and thorough disruption of communication by those on the mainland with the outside world. Aside from the question of legal disability to sue, the citizens and residents of occupied territory were, during such occupation, under a practical and total inability to commence action in the courts of this State to protect and effectuate their rights. To permit the Statute of Limitations to run against their claims during the continuance of such inability would not accord with elementary notions of justice and fairness. Like *Robinson* v. *Robins Dry Dock & Repair Co.* (*supra*), this is a case " where both instinct and reason revolt at the proposition that redress for a wrong must be denied because the Legislature may not remove a statutory bar which has conferred an immunity which is contrary to all prevailing ideas of justice." (P. 279.) Here, as in the *Robinson* case, the " extension of the time to bring * * * action was reasonable and this exercise of the legislative power should not be declared invalid because of a constitutional limitation of doubtful application." (P. 280.)

The facts of the instant case strikingly illustrate the type of injustice this legislation was intended to remedy. The decedent, Gutmann, was a citizen and resident of the Netherlands in May, 1940, when the German Army invaded and occupied that country. In the two weeks following the invasion (accepting as we must the allegations of the complaint) the defendant, without authorization and in violation of its contract of employment, sold the major portion of Gutmann's securities in order to reduce his debit account. Gutmann was seized, deported to a concentration camp in Czechoslovakia and never heard from again.

We conclude that chapter 759 of the Laws of 1950, adding section 28-a to the Civil Practice Act, was constitutional and that under the terms of that section, the period of Gutmann's residence or sojourn in territory occupied by the German forces is not a part of the time limited for commencing the action. That period would seem to be from May, 1940 (the time of the occupation), at least to April or May, 1944 (the time as of which Gutmann was declared deceased), viz., a period of about four years. Deducting that period from the normal time limited for the commencement of an action of this type, the instant action, commenced on March 29, 1948, was brought within six years from May, 1940, when it accrued.

It is unnecessary to determine the extent to which the protection of section 28-a would be available in other situations not here presented.

The order should be affirmed, with costs. The first question certified is answered in the affirmative. The second and third questions certified are not answered.

LOUGHRAN, Ch. J., LEWIS, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Order affirmed, etc.