# IN RE SETTLEMENT OF WILLIAM C. FLIFLET AND OTHERS. COUNTY OF BIG STONE v. VILLAGE OF APPLETON, SWIFT COUNTY.

112 N. W. (2d) 622.

December 1, 1961—No. 38,302.

*R. D. Schreiner,* for appellant.
*James R. Bennett,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Proceedings between the County of Big Stone and the village of Appleton in Swift County to determine the poor-relief settlement of William Fliflet and his family. With reference to the residences of this family, the record discloses the following:

Prior to September 12, 1957, their legal settlement was the village of Appleton in Swift County, which operates under the village system of poor relief.

From September 12, 1957, to September 15, 1958, they resided at Ortonville in Big Stone County, which operates under the county system of poor relief.

From September 15, 1958, to July 2, 1959, they resided at Granite Falls in Yellow Medicine County.

From July 2, 1959, they have resumed residence in Big Stone County.

Based upon Minn. St. 261.07, as amended by L. 1959, c. 171, the trial court found as follows:

"That William C. Fliflet, his wife Myrtle, and his minor children Barbara Fliflet, William David Fliflet, Robert C. Fliflet and Betty Lee Fliflet reside at Clinton, in Big Stone County, Minnesota, and are poor persons within the meaning of the laws of the State of Minnesota; that the family applied for and received aid from Big Stone County on November 18, 1959, and received public assistance from Big Stone County to February 15, 1960; that no member of this family had ever received public assistance as a poor person prior to November 18, 1959.

\* \* \* \* \*

"That the family resided at Ortonville, [Big Stone County] Minnesota, from September 12, 1957, to September 15, 1958.

\* \* \* \* \*

"That the said Fliflet family has resided in Big Stone County, Minnesota, continuously since July 2, 1959."

Based upon such findings, the court determined that the legal settlement of the Fliflets was in Big Stone County.

Prior to the 1959 amendment, Minn. St. 261.07, subd. 1, provided in part:

"Every person except those hereinafter mentioned, who has resided two years continuously in any county, shall be deemed to have a settlement therein, if it has the county system; if it has the town system, he shall have a settlement in the town, city, or village therein in which he has longest resided within two years."

By virtue of L. 1959, c. 171, § 1, the period of residence required for establishment of legal settlement under Minn. St. 261.07 was reduced from two years to one year. Section 2 of this amendment further provided:

"This act shall be effective on July 1, 1959, but the provisions of this act shall not apply in determining the legal settlement of any person who has received relief at any time between July 1, 1958, and July 1, 1959, until six continuous months shall have elapsed after July 1, 1959, during which he has received no relief, and during such time the provisions of law as they existed before this act shall apply in determining legal settlement of such person."

This appeal by Big Stone County is from an order denying its motion for a new trial and is based upon the contention that the amendment above described, which reduced the residence required for legal settlement from two years to one year, was prospective in effect and that accordingly since the Fliflets had not established a two-year residence in Big Stone County prior to July 1, 1959, the effective date of the amendment, their legal settlement would still be in the village of Appleton, Swift County. With respect thereto, in a memorandum attached to its findings, the trial court stated:

"Big Stone County claims that the provisions of Chapter 171, Laws of Minnesota 1959 are prospective in effect, and that William Fliflet's legal settlement is still in the Village of Appleton, *and that William Fliflet must reside in Big Stone County for one year from and after July 1st, 1959, before he can acquire a legal settlement therein.* The Village of Appleton claims that the Act is retroactive in effect, and that by its terms William Fliflet and his family acquired a legal settlement in Big Stone County by reason of residence in that county for one year from September, 1958, to September, 1959.

"I have concluded that the Legislature intended that the act should be retroactive for these reasons:

"(a) The effective date was postponed to July 1st, 1959. State ex rel. Anderson v. General Accident, Fire and Life Assurance Corporation, Limited, 134 Minn. 21, 158 N. W. 751, and cases cited;

"(b) The language used in Section 2 of the act clearly indicates that the Legislature intended it should be retroactive. Section 645.21, M. S. A.

"It follows that William Fliflet has acquired a legal settlement in Big Stone County, Minnesota." (Italics supplied.)

Subsequent to this decision and the appeal to this court therefrom, at an extra session of the state legislature, Ex. Sess. L. 1961, c. 76, was enacted which further amended § 261.07 by adding the following provision:

"* * * Where settlement has been established in a county of this state prior to July 1, 1959 by continuous residence in such county for the period then prescribed by law for the establishment of settlement, such settlement shall not be changed by continuous residence in another county for one year unless such year ended on or after July 1, 1959."

■ It is obvious that, if Ex. Sess. L. 1961, c. 76, is applicable, Big Stone County was not the place of settlement of the Fliflet family on November 18, 1959, the time of their application for relief, since at that time their year's residence in such county had not ended on or after July 1, 1959, as required.

■ Well-established principles compel us to apply the provision of Ex. Sess. L. 1961, c. 76, above set forth. The governing rule is expressed in Holen v. M. A. C. 250 Minn. 130, 136, 84 N. W. (2d) 282, 287, as follows:

"* * * When the legislature changes the law while a case is pending, but prior to the rendition of judgment, the court may not perpetuate the old law but must apply the new. There is no vested right in an existing law nor in an action until *final* judgment has been entered therein. An appeal suspends a judgment and deprives it of its finality, and that lack of finality continues until the appeal is dismissed

or until the appellate court has pronounced its decision. * * * Both reason and the weight of authority uphold the view that when an amendatory statute, which is clearly intended to be retroactive and applicable to pending litigation *involving public rights,* is enacted after judgment and pending appeal, *the appellate court must dispose of the case in accordance with the law as changed by such amendatory enactment.* * * *

"Retrospective or curative legislation, is, of course, prohibited under U. S. Const. Amend. XIV, when it divests any private vested interest. It is clear, however, that *a public right may always be modified or annulled by subsequent legislation without contravening the due process clause.*" (Italics supplied.)

The following authorities also support the doctrine above expressed: Asch v. Housing and Redevelopment Authority, 256 Minn. 146, 97 N. W. (2d) 656; Robinson v. Robins Dry Dock & Repair Co. 238 N. Y. 271, 144 N. E. 579, 36 A. L. R. 1310. Numerous decisions on this issue have been collected in Annotation, 111 A. L. R. 1317. The rule is set forth therein as follows (111 A. L. R. 1318):

"* * * The greater weight of authority is inclined to the view that an appellate court, in reviewing a judgment * * *, will dispose of the question according to the law prevailing at the time of such disposition, and not according to the law prevailing at the time of the rendition of the judgment, and will, therefore, reverse a judgment which was correct at the time it was rendered * * * where by statute * * * there has been an intermediate change in the law."

This rule is particularly applicable (111 A. L. R. 1337) "[w]here the subsequent law is retroactive in terms or in effect," as in the instant case.

It would follow that under § 261.07, as amended to date, the decision of the trial court must be reversed. The evidence establishes without question that one year's residence of the Fliflet family in Big Stone County did not terminate on July 1, 1959, or at any date thereafter prior to November 18, 1959, the date of their application for relief in such county. Therefore, under the amendment to § 261.07, enacted subsequent to the district court's decision herein, their legal settlement

on the date of their application was the village of Appleton in Swift County.

Reversed and remanded with directions to vacate the judgment entered and in lieu thereof to order a judgment in accordance with this opinion.