Meyer, J.
(dissenting). I cannot agree that the language of section 2 of chapter 828 of the Laws of 1976 making it "applicable to all leases, regardless of when executed” (emphasis supplied), is ambiguous. The underscored words certainly encompass leases more than six years old, which the majority now holds beyond the reach of the statute because barred by limitations.
If the language itself is not clear enough, the Assembly debate supplies any deficiency. Urging defeat of the bill, Assemblyman Lo Presto gave as one of his reasons: "Second of all, which I am deeply concerned about, is the constitutionality of this provision wherein it affects all leases made, not of this date, not thirty days hence, not as of September 1, but all leases, no matter when executed. They could have been executed twenty years ago.” (Emphasis supplied.) Despite that argument, the bill became law. In view of that argument and the fact that limitations if applicable would permit it to affect *816 no lease more than six years old, the conclusion must be that the Legislature has, indeed, intentionally revived an issue that would otherwise be barred.
Assemblyman Lo Presto’s fears as to constitutionality are not well founded. The Legislature may constitutionally revive a claim barred by limitations except when the effect of the lapse of time has been to invest the holder of property with title to it (Chase Securities Corp. v Donaldson, 325 US 304; Campbell v Holt, 115 US 620; Gallewski v Hentz & Co., 301 NY 164; Robinson v Robins Dry Dock & Repair Co., 238 NY 271, dsmd 271 US 649; Barrett v Wojtowicz, 66 AD2d 604; Matter of Strang, 117 App Div 796; see Electrical Workers v Robbins & Myers, 429 US 229; House v Carr, 185 NY 453), the more so when, as in a case of unconscionability, it can be said that justice so requires (Gallewski v Hentz & Co., supra; Robinson v Robins Dry Dock & Repair Co., supra). I would, therefore, reverse and reinstate the first cause of action.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones and Wachtler concur in memorandum; Judge Meyer dissents and votes to reverse in an opinion in which Judge Fuchsberg concurs.
Order affirmed.