OPINION OF THE COURT
David B. Saxe, J.
The plaintiffs in this negligence action are three firemen and their wives, who seek money damages for injuries allegedly sustained as a result of fighting a fire on February 27, 1975 at 204 Second Avenue in Manhattan (the premises). The premises were operated, maintained and controlled by defendant New York Telephone Company as its main wire center for the lower east side.
The defendants now move for summary judgment dismissing the complaint.
The complaint contains common-law negligence causes of action (1st — 3rd) and causes of action based on General Municipal Law § 205-a (4th — 6th), as well as the derivative claims (7th — 9th). Defendants contend that the complaint is time barred, having been served in June 1987, 12 years after the fire. Their motion is based on the following arguments:
1. that Laws of 1986 (ch 682, § 4) (the revival statute) does not apply because plaintiffs did not plead that they suffered latent effects of exposure to an enumerated substance;
2. that if the revival statute does apply, its application would violate the New York and United States Constitutions;
3. that in any case plaintiffs’ claims under General Municipal Law § 205-a are not revived by the revival statute;
4. that if the General Municipal Law claims were revived, they were not pleaded sufficiently as a matter of law;
5. that the complaint fails to state a claim under General Municipal Law § 205-a as against any defendant except New York Telephone Company; and
6. that the complaint fails to state a cause of action in negligence as against American Telephone & Telegraph, Inc. and Bell Telephone Laboratories, Inc.
Plaintiffs concede points 5 and 6, as a result of New York Telephone’s admission of control of the premises.
Immediately after the fire, plaintiffs received medical attention for various respiratory ailments allegedly caused by their exposure to polyvinyl chloride (PVC) at the fire. Plaintiffs concede that the injuries which manifested themselves immediately after the fire are now time barred. However, they *627 claim that after the applicable Statutes of Limitation expired, it became clear that their exposure to PVC had decreased their ability to fight infection, which led to recurring respiratory infections. Thus, plaintiffs claim that the revival statute applied to revive their claims for injuries caused by the latent effects of exposure to PVC.
The revival statute provides that "every action for personal injury * * * caused by the latent effects of exposure to * * * polyvinylchloride upon or within the body * * * which is barred as of the effective date of this act * * * solely because the applicable period of limitations has or had expired is hereby revived and an action thereon may be commenced provided such action is commenced within one year from the effective date of this act”. (L 1986, ch 682, § 4.) The act was effective as of July 30, 1986, therefore it offered potential litigants a "window” period of one year from that date in which to bring an action claiming latent injuries caused by, inter alia, exposure to PVC. The plaintiffs’ action, commenced in June 1987, was therefore timely under the statute.
I reject the defendants’ contention that the failure to expressly plead the revival statute in the complaint, or to expressly allege latent effects of exposure to PVC, renders it fatally defective. Rather, the plaintiffs are granted leave to amend their complaint to so allege (CPLR 3025 [b]).
With regard to the defendants’ contention that application here of the revival statute would constitute a violation of their due process rights, I note that the constitutionality of that statute has recently been explicitly upheld as it pertains to DES, 1 of the 5 causative agents listed in the statute. (Hymowitz v Lilly & Co., 73 NY2d 487). In so doing the court explained that "The Federal Due Process Clause provides very little barrier to a State Legislature’s revival of time-barred actions (see, Chase Sec. Corp. v Donaldson, 325 US 304). In Chase, the United States Supreme Court upheld the revival of the time-barred action, stating that Statutes of Limitation 'represent a public policy about the privilege to litigate * * * the history of pleas of limitation shows them to be good only by legislative grace and to be subject to a relatively large degree of legislative control’ (id., at 314). Under State law, the level of review seems somewhat more stringent. In Gallewski v Hentz & Co. (301 NY 164, 174) the court stated that 'the Legislature may constitutionally revive a personal cause of action where the circumstances are exceptional and are such as to satisfy the court that serious injustice would result to *628 plaintiffs not guilty of any fault if the intention of the Legislature were not effectuated.’ It appears, however, that we have applied a less strict test in other cases, and have been satisfied if there was an apparent injustice which 'calls for [a] remedy,’ and which is 'reasonable’ and not 'arbitrary’ (Robinson v Robins Dry Dock & Repair Co., 238 NY 271, 279-280).” (Hymowitz v Lilly Co., 73 NY2d 487, 514, supra.)
In determining the constitutionality of statutes generally, there is a strong presumption that the Legislature investigated the problem it addressed and discovered a need for the legislation passed (see, Matter of Taylor v Sise, 33 NY2d 357). Presuming that the Legislature correctly determined that, indeed, polyvinyl chloride can cause latent severe ill effects to those who ingest it, I can only conclude that the statute insofar as it relates to PVC is constitutional to the same extent it is constitutional with regard to DES. Innocent individuals who were necessarily unaware of the severe damages being done to them at the time of their exposure to any toxic substance, would be the victim of further "serious injustice” if the latency period of the serious injury caused by the substance serves to protect the guilty party against any liability for the injury. This presents a proper basis for revival under Gallewski v Hentz & Co. (301 NY 164, 174, supra).
Of course, a statute which is generally constitutional may be unconstitutionally applied under particular circumstances. The defendants claim that the passage of time between the incident and this action is severely prejudicial and will cause them undue hardship in finding witnesses and records and insofar as their insurance carriers have declined coverage regarding the time in question. They also rely heavily on the fact that certain injuries caused by the PVC exposure were discovered shortly after the incident. Neither of these factors renders application of the revival statute unconstitutional here. First, the plaintiffs concede that they are only entitled to litigate regarding injuries which were not manifested prior to the expiration of the applicable Statute of Limitations. Indeed, the language of the statute only permits revival of claims barred as of July 30, 1986 solely because the applicable period of limitations had expired. The fact that certain injuries manifested themselves quickly should not preclude a claim that more severe latent effects were not discovered until expiration of the applicable limitations period.
Nor does the attendant prejudice to the defendants compel the conclusion that revival of the plaintiffs’ claims is unconsti *629 tutional. As the trial court stated in the Hymowitz case, "the Legislature, in reviving time-barred causes of action, expressed the public policy of giving preference to plaintiffs privilege to litigate over defendants’ protection from stale or time-barred claims” (Hymowitz v Lilly & Co., 136 Misc 2d 482, 486 [Sup Ct, NY County, Gammerman, J.], affd 139 AD2d 437 [1st Dept 1988], affd 73 NY2d 487, supra).
Turning to the first three causes of action sounding in common-law negligence, I note that at common law, the so-called "Fireman’s rule” prohibited a firefighter from seeking recovery from a property owner whose negligence had created the condition which caused the injury (see, Kenavan v City of New York, 70 NY2d 558, 566). However, there is some authority for excluding from the application of this rule those injuries caused by exposure to toxic substances where the alleged negligence was independent of that which caused the fire, particularly if the firefighter had no reason to believe such exposure was an inherent risk (see, Furch v General Elec. Co., 142 AD2d 8, 12 [3d Dept 1988]).
As against defendant Technologies, which admits having manufactured and supplied the cables utilized at the premises, plaintiffs may have a product liability claim. Although plaintiffs’ burden in opposing a motion for summary judgment is " 'to assemble, lay bare and reveal [their] proofs’ ” (Cabrera v Ferranti, 89 AD2d 546, 547 [1st Dept 1982], appeal dismissed 67 NY2d 869 [1986]), it appears that the facts essential to justify opposition may exist but cannot be stated until disclosure has been had (CPLR 3212 [f]). Therefore as to the first, second and third causes of action, defendants’ motion is denied without prejudice to renew upon completion of discovery. Defendants’ motion is granted on consent to the extent of dismissing these causes of action as against AT&T and Bell Telephone.
The fourth, fifth and sixth causes of action are based upon General Municipal Law § 205-a. These causes of action are revived by necessary implication from the revival statute (see, People ex rel. Beck v Graves, 280 NY 405, 409 [1939]). General Municipal Law § 205-a provides: "In addition to any other right of action or recovery under any other provision of law, in the event any accident, causing injury, death or a disease which results in death, occurs directly or indirectly as a result of any neglect, omission, wilful or culpable negligence of any person or persons in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and require *630 ments of the federal, state, county, village, town or city governments or of any and all their departments, divisions and bureaus, the person or persons guilty of said neglect, omission, willful or culpable negligence at the time of such injury or death shall be liable to pay any officer, member, agent or employee of any fire department injured”. This section gives firefighters a cause of action regarding premises with safety violations that create hazards additional to those firefighters already face (Kenavan v City of New York, supra, at 567).
The defendants contend that the General Municipal Law causes of action were not pleaded with the requisite particularly, since " ’a complaint in a special action based on said section 205-a must specify or identify the statutes, ordinances, rules, orders or requirements with which the defendant neglected or failed to comply; the manner in which the injuries or death complained of occurred; together with such ultimate facts as may be necessary in order that it may appear or be inferred that said neglect or failure directly or indirectly caused the injuries or death’ ” (Brophy v Generoso, 137 AD2d 478, 479 [2d Dept 1988], quoting Cramer v Nuccitelli, 2 Misc 2d 508, 510). I agree. The plaintiffs have failed in their complaint, or in their papers in opposition to this motion, to specify or identify any such statute, ordinance, or rule. In response to this issue, they merely suggest that they should be permitted, via discovery, to determine what statute or rule may have been violated by the defendants. Such an approach to a cause of action under General Municipal Law § 205-a cannot be permitted. As the Brophy case holds, implicit in bringing such an action is the requirement that the defendant be charged at the outset with the violation of some specific rule.
Accordingly, defendant’s motion is granted as to the fourth, fifth and sixth causes of action.