Jacob Markowitz, J.
This is an application pursuant to article 78 of the CPLR for an order directing the respondents to permit the infant petitioner to file a late notice of claim under subdivision 2 of section 625 of the Executive Law. Hnder the latter section, a victim of a crime must file a claim within 90 days after the occurrence; however, upon good cause shown, the Crime Victims Compensation Board may extend the time for filing for a period not exceeding one year after such occurrence. The infant petitioner was purportedly assaulted on April 17, 1969; a claim was not filed with the board until November 17, 1970. Petitioner now contends that, by reason of his infancy, the one-year provision may now be extended by reason of CPLR 208. On the other hand, the respondents assert that the one-year prohibition of subdivision 2 of section 625 of the Executive Law is absolute and may not be extended for any reason, including infancy.
An action or special proceeding must be commenced within the time specified in article 2 of the CPLR unless a different time is prescribed by law or a shorter time is prescribed by written agreement (CPLR 201). However, the sole question presented upon this application is whether a ‘‘ notice of claim ’ ’ may be filed later than one year after the occurrence. Therefore, the time limitations set forth in article 2 of the CPLR are not directly relevant to the present discussion.
In resolving this controversy, the one-year caveat in subdivision 2 of section 625 of the Executive Law should be closely analogized to a' similar provision in subdivision 5 of section 50-e of the General Municipal Law. With respect to the timeliness of filing a notice of claim against a municipal corporation under the latter statute, the highest court of this State has *316 ruled that the one-year prohibition is absolute; neither infancy nor any other disability can eliminate it as a barrier (cf. Matter of Rosenberg v. City of New York, 309 N. Y. 304, 308; Spiciarich v. New York City Housing Auth., 23 A D 2d 653). Likewise, the parallel provision set forth in subdivision 2 of section 625 of the Executive Law must be construed as establishing an inflexible one-year standard. Consequently, the petition must be dismissed since more than one year had elapsed before the notice of claim was filed by the infant petitioner with the board.