■ In the Matter of DORIS JOHNSEN, as Committee of HARRY IDELSON, a Patient, Respondent, v. MAX L. NISSMAN et al., Constituting the Crime Victims Compensation Board of the Executive Department of the State of New York, Appellants.— In a proceeding pursuant to article 78 of the CPLR, respondents appeal from a judgment of the Supreme Court, Kings County, entered October 27, 1971, directing respondents to accept for filing, petitioner's untimely claim for compensation under article 22 of the Executive Law [Crime Victims Compensation Board]. Judgment reversed on the law, without costs, and petition dismissed. It is not disputed by any of the parties to this proceeding that petitioner's claim for compensation under article 22 of the Executive Law was not made until some 3½ years after the occurrence. This is not within the time limitation prescribed by subdivision 2 of section 625. The legislative history of this chapter makes it clear that the filing provisions of that section were intended to operate with the same effect as those contained in section 50-e of the General Municipal Law with respect to the filing of notices of claim against the State and its political subdivisions. Consequently, petitioner's claim is barred from consideration by the respondent board by subdivision 2 of section 625 and no other provision of law or consideration of justice can operate to toll its application. Compensation awards under article 22 of the Executive Law are "a matter of grace" (Executive Law, § 620). The law creates no enforceable legal right and no cause of action accrues. Thus, the tolling provisions of CPLR 208 have no application. Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.

■ In the Matter of MARY KASSAY, as Representative Broker of Finest Syosset Realty, Inc., Petitioner, v. JOHN P. LOMENZO, as Secretary of State of the State of New York, Respondent.— Proceeding pursuant to article 78 of the CPLR to review respondent's determination dated May 20, 1971, which found petitioner, a licensed real estate broker, guilty of untrustworthiness and admonished her that any future occurrence similar to the one in question will result in revocation of her license. Determination annulled, without costs. In our opinion the record is completely barren of any proof that petitioner accepted listings for apartment rentals knowing of the restrictions of the landlords as to color (see Matter of Chiaino v. Lomenzo, 26 A D 2d 469). Rabin, P. J., Munder, Martuscello, Latham and Benjamin, JJ., concur.