Milton Albert, J.
This is a motion by the State to dismiss claimant’s claim on the ground that it was not timely filed. In issue is the question of whether the change of the applicable limitation of time for filing a claim from two to three years (L. 1971, ch. 234) is applicable to the instant claim which accrued before the enactment of such law.
The State appropriated lands belonging to claimant with appropriate maps and descriptions being filed in the County *295 Clerk’s office on January 6, 1969 and with personal service being made upon claimant on April 23, 1969.
Subdivision 1 of section 10 of the Court of Claims Act, as in effect at the time of the filing of the appropriation map, provided that a claim for appropriation of land by the State had to be filed within two years after the accrual of the claim. Where title was vested by means of filing a description and a map, the claim had to be filed within two years of personal service of a copy of the map and description.
In the case at bar and under such provision, therefore, the claim was required to be filed on or before April 23, 1971, two years after the personal service was effected. No claim was filed by such date.
In 1971, the Legislature amended subdivision 1 of section 10 of the Court of Claims Act to provide for a three-year period for the time within which to file a claim. The change became effective on May 11, 1971 (L. 1971, ch. 234) — which was approximately 20 days after the above April 23, 1971 date. On March 7, 1972, the instant claim was filed, and the defendant here moves to dismiss the claim as not timely filed.
The running of a limitation of time does not, after the prescribed period, destroy the cause of action. It merely bars a remedy thereon (Hulbert v. Clark, 128 N. Y. 295). It is a general rule that amendatory statutes are to be construed as prospective only, unless there is a clear expression of the legislative purpose to justify a retroactive application (Jacobus v. Colgate, 217 N. Y. 235, 240). However, in Jacobus, the Court of Appeals, per Cabdozo, J., said that “ changes of procedure, i.e., of the form of remedies, are said to constitute an exception ’ ’ to the general rule favoring prospective construction of statutes. A more extensive treatment appears in Longines-Wittnauer v. Barnes & Reinecke (15 N Y 2d 443, 453-454), where the Court of Appeals per Fulo, J. (now Ch. J.) wrote: “Whether, and to what extent, a statute is to be accorded retroactive application is normally a matter of ascertaining the legislative intent, subject to applicable constitutional limitations, and our decisions provide certain basic guidelines to that end. It is thus presumed, absent any contrary indication, that the Legislature intended ‘ [c]hanges in the form of remedies ’ to be 6 applicable to proceedings thereafter instituted for the redress of wrongs already done.’” (p. 453). In the instant situation the Legislature clearly was dealing with a remedial matter and was not creating a right — the right here was basically founded on *296 the constitutional provision (N. Y. Const,, art. I, § 7) requiring that “just compensation” be made for property taken for public purposes.
‘ ‘ The ‘ duty of the courts, however, is to construe, not to enact, the laws, and notwithstanding these general objections to retroactive legislation, the question of whether a given statute is prospective or retroactive, is, like other questions of interpretation, to be determined by ascertaining the legislative intent. Hence if it is clear that the legislature intended an act to have a retroactive application the courts cannot change the law and refuse to give it that effect, and this is true though the act is thereby rendered unconstitutional ’ (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 51, pp. 71-72).” (Kaplan v. Kaplan, 31 A D 2d 247, 249).
Since the expiration of a time limitation does not have the effect of discharging the obligation but merely of depriving the holder of access to the courts, it has been held that the Legislature has power to extend the period of an existing time limitation and lengthen the time in which suit may be brought in regard to causes of action already existing (Matter of Dee v. State Tax Comm., 257 App. Div. 531). The power of the Legislature is more extensive than this; it appears clear that in a cause of action of the type here involved — a taking of private property for a public purpose — the Legislature has power even to revive a right of action already barred by the running of the applicable time limitation (Robinson v. Robins Dry Dock & Repair Co., 238 N. Y. 271, particularly at 276-280). The motion with respect to the instant claim involves revival rather than extension of an existing time limitation.
In determining whether a retroactive operation of a statute was intended by the Legislature, it is always legitimate to show that one construction would lead to hardships which another would avoid (Carder Realty Corp. v. State of New York, 260 App. Div. 459, 466).
Chapter 234 of the Laws of 1971 was recommended to the Legislature by the State Commission on Eminent Domain. Tn its 1971 Report to the Governor and the Legislature the commission recommended:
“ (b) Statute of ^Limitations on Claims Against the State: An increase in the period of the statute of limitations on claims against the State arising from the acquisition of property is recommended. The Commission has been informed that each year the Legislature is confronted with many bills *297 for enabling acts allowing claimants to file their claims against the State for the value of property appropriated, their rights to file claims having expired under the two-year statute of limitations. It is felt that an increase in the period of the statute of limitations from two years to three years will help alleviate this problem, and it is recommended that Section 10(1) of the Court of Claims Act be amended to provide for a period of three (3) years after the accrual of such a claim in which to file a claim with the Court of Claims.” (State Commission on Eminent Domain, Interim Report, February 1, 1971 at page 15).
In approving the bill, the Governor’s memorandum stated ‘ ‘ the bill will provide claimants with a more reasonable and fair period of time within which to file their claims against the State.” This reflects a similar statement made by Senator Langley who introduced the bill (1971 N". Y. Legis. Annual, p. 559).
In view of the purpose of the commission’s recommendation which was to relieve the Legislature of the burden of enactment of bills for special enabling acts and the Governor’s statement that a three-year time limitation would be ‘1 a more reasonable and fair period of time ’ ’ for property owners to file their claims against the State, a retroactive construction would avoid the necessity for enactment of bills of the type envisioned by the commission during a current one-year period as well as in future situations where properties are taken after the enactment of the chapter and where the owners thereof fail to file claims within two years. This is especially significant in the situation where the State Constitution requires that ‘ ‘ just compensation ’ ’ be made to owners whose properties are appropriated by the State and where there is an obvious desire of the Legislature that property owners be paid and that the volume of special enabling acts be diminished by means of substituting a three-year time limitation for the previous two-year period. Clearly, this court’s construction avoids a “hardship” which the Appellate Division in Carder (260 App. Div. 459, supra) held was significant for a court to consider. Furthermore, it follows the cases which hold that statutes relating to matters of remedy are to be construed as retroactive — absent any intent to the contrary — and this court’s construction also follows the affirmative view expressed in Robinson (238 N. Y. 271, supra) with respect to a cause of action of the type here involved.
*298 Generally, practice act amendments are not made effective immediately but rather on the following September first. However, the amendment here under consideration (L. 1971, ch. 234) was made effective immediately. This, the court believes, buttresses its conclusion that chapter 234 should be construed as applying to appropriations theretofore made.
The motion of the defendant is denied.