■ In the Matter of RITA RENTA, Appellant, v STANLEY L. VAN RENSSELAER et al., Constituting the Crime Victims Compensation Board of the Executive Department of the State of New York, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered January 23, 1976 in Albany County, which dismissed petitioner's application in a proceeding pursuant to CPLR article 78. It is alleged that on September 2, 1974 Enrique Renta was murdered. In October, 1974 Renta's widow, the pe-

titioner herein, communicated with the respondent Crime Victims Compensation Board by telephone, in response to which claim forms were mailed to her on October 23, 1974. By that time, however, petitioner had relocated to Puerto Rico for care and treatment and, consequently, never received the claim forms. In September, 1975 petitioner obtained the services of an attorney who again requested and received the necessary forms, which were returned to respondent on September 23, 1975. Petitioner's claim was rejected the following day as untimely, whereupon this article 78 proceeding was commenced seeking an order directing respondent to adjudicate petitioner's claim. In the judgment appealed from, the petition was dismissed. The judgment must be affirmed. Subdivision 2 of section 625 of the Executive Law requires that a claim be filed within 90 days after the occurrence of a crime or the death of a victim, "provided, however, that upon good cause shown, the board may extend the time for filing for a period not exceeding one year after such occurrence." Even if it be assumed that petitioner had good cause for delay, there is no provision of law which extends the time for filing beyond a period of one year after the occurrence *(Matter of Johnsen v Nissman,* 39 AD2d 578). The cases relied upon by petitioner are inapposite, for they involve situations where some written document was filed in a timely fashion. Petitioner's telephonic request for claim forms, as well as the alleged submission of a newspaper article describing the crime, does not constitute the filing of a claim. Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Mahoney, Larkin and Reynolds, JJ., concur.