HON. EDWARD A. MORRISON Chairman, Crime Victims Compensation Board
You request my opinion concerning the proper interpretation of amendments to the Crime Victims Compensation Act (Executive Law, Article 22) enacted in 1976 and effective January 1, 1977 (Chapter 952, Laws of 1976). In particular, your inquiry relates to the provision of this chapter which increases the period by which the Board may, for good cause, extend the time for filing a claim. Under prior law, such extensions were permitted for one year; present law permits extensions of up to two years.
Clearly, claims which arise out of occurrences after the effective date of the amendment are subject to the liberalized filing requirements of the present law. However, it is possible that claims may be filed which are based on crimes which occurred prior to the effective date of the amendment. Your inquiry is thus fundamentally a question of retrospective application of the statute.
As a general rule, retroactivity will not be implied where the terms of the statute or the intentions of the Legislature are not clear (McKinney's Cons. Laws 51c; Longines-Wittnauer v. Barnes Reinecke,15 N.Y.2d 443, 453 [1965]). This rule is subject to two other considerations: First, "In determining whether a retroactive operation of a statute was intended by the Legislature, it is always legitimate to show that one construction would lead to hardships which another would avoid." (Carder Realty Corp. v. State of New York, 260 App. Div. 459 [3d Dept., 1940].) Second, "changes of procedure, i.e., of the form of remedies, are said to constitute an exception * * *" to the general rule of prospective interpretation. (Jacobus v. Colgate, 217 N.Y. 235, 240
[1916].)
Application of these principles leads me to the conclusion that the amendment in question ought to be construed to be retroactive, to the extent that the power of the Board to extend the time to file a claim for up to two years should apply to all claims considered by the Board after January 1, 1977, regardless of when the crime (or death of the victim) occurred.
First, this interpretation avoids unfairness and hardships. Awards are payable only to innocent victims of crime who suffer serious financial hardship as a result (Executive Law, § 631). To deny such victims access to the benefits of the act is to leave their hardships unabated. Second, I find that the amendment, to the extent herein interpreted, is not substantive in nature, but rather remedial or procedural. Although the filing requirements of the Crime Victims Compensation Act have been analogized to the requirement of a notice of claim in suits against municipal corporations (Hayes v. Van Rensselaer, 69 Misc.2d 315 [1972];Johnsen v. Nissman, 39 A.D.2d 578 [1972]), for purposes of this analysis, they are comparable to statutes of limitation. Both statutes of limitation and requirements for notice of claim affect the form or availability of the remedy, rather than its substance. Statutes of limitation may be extended as to actions already accrued. (Matter of Dee
v. State Tax Commission, 257 App. Div. 531 [3d Dept., 1939].) In similar circumstances to those presented herein, a change in a statute of limitation has been held to be procedural in nature and applied retroactively. (Torsiello v. State of New York, 70 Misc.2d 294 [Court of Claims, 1972].)
This conclusion is buttressed by the fact that the Legislature, when it did not intend retroactivity of this act, expressed its intention quite clearly. Section 3 of Chapter 994 of the Laws of 1966, by which the act was created, provided "This act shall take effect immediately, but the provisions of article twenty-two of the executive law, as added by this act, shall apply only to claims resulting from crimes committed on or after March first, nineteen hundred sixty-seven." No such intention has been expressed with respect to the instant amendment.
Finally, you point out that some claims may have been filed already and denied for lack of timeliness, which the amendment, as herein interpreted, might allow. I understand that such claims are relatively few in number. These cases may be reconsidered on the basis of the statute as amended.