**In re Robert F. JONES, Jr., Debtor.**

**ROSA, EDWARD & CHERYL,**
**Plaintiffs,**

v.

**JONES, Jr., Robert F., Defendant.**

**Bankruptcy No. 91–10933.**
**Adv. No. 91–91104.**

United States Bankruptcy Court,
N.D. New York.

July 6, 1992.

---

Madeline Sheila Galvin, Delmar, N.Y., for plaintiffs.

William A. Stone, Latham, N.Y., for debtor.

---

## MEMORANDUM DECISION

JUSTIN J. MAHONEY, Chief Judge.

Edward and Cheryl Rosa ("Plaintiffs") have moved for summary judgment. Robert F. Jones, Jr. ("Debtor") has cross-moved for summary judgment.

The motions arise in the context of an adversary complaint filed by the plaintiffs seeking money damages and denial of discharge to the debtor. The complaint alleges violations of §§ 727 and 523(a)(6) of the Bankruptcy Code. The motion by the plaintiffs for summary judgment with respect to those allegations that relate to a violation of § 727 of the Bankruptcy Code is denied. Those allegations set forth by the plaintiffs in support of their relief require a factual hearing which is hereby scheduled for a pretrial hearing on August 11, 1992 at 11:00 A.M. at the James T. Foley U.S. Courthouse, Room 306, Albany, New York. With respect to the additional allegations that the plaintiffs contend constitute a violation of § 523(a)(6) the court directs, for reasons cited below, summary judgment to be entered in favor of the debtor.

The record indicates that the debtor committed acts of rape upon the infant daughter of the plaintiffs during the years 1990 and 1991. On February 2, 1991 the debtor plead guilty to § 130.25 of the Penal Law of the State of New York, to wit rape in the third degree. At the time of the bankruptcy filing there was pending in the Supreme Court, Washington County, State of New York, a cause of action initiated by the plaintiffs for compensatory and punitive damages flowing from the debtor's wrongful action. That cause of action is listed in the debtor's bankruptcy schedules as a pending tort claim.

The question is this: are the parents of a minor daughter victimized by rape entitled to an order from the bankruptcy court excepting from discharge a claim for any compensatory or punitive damages allegedly suffered by the parents in a derivative action based upon a willful and malicious injury pursuant to § 523(a)(6) of the Code?

The plaintiffs seek help for their derivative position by pointing to § 624(1)(h) and § 631 of the Executive Law of the State of New York. These sections make parents eligible for compensation from the state, as a matter of grace, as innocent persons who suffer financial hardship as a result of criminal acts. Article 22 of the Executive Law §§ 620–635 prescribes a system to be followed by persons victimized by crime who seek compensation from the state. However, an award made within the limitations set forth in Article 22 of the Executive Law provides for no enforceable legal right or cause of action. See *In re Johnsen v. Nissman,* 1972, 39 A.D.2d 578, 331 N.Y.S.2d 796 (1972).

Consequently, the court disagrees with the plaintiffs' contention that their eligibility under § 624.1 of the Executive Law for an award can be substituted for the finding of a willful and malicious injury as required by § 523(a)(6) of the Code. Section 631 of the Executive Law sets forth the standards for the making of an award. That section does not deal with the elements set forth in § 523(a)(6) of the Bankruptcy Code.

The parents' derivative action for money damages resulting from the wrongful injury to their daughter is not the result of any deliberate and intentional act inflicted upon the parents in violation of § 523(a)(6) of the Bankruptcy Code. Consequently, any cause of action accruing in favor of the minor daughter by reason of the obvious violation of § 523(a)(6) of the Code and representing a nondischargeable debt cannot be extended to provide compensatory and punitive relief to the parents upon the basis of a violation of § 523(a)(6) of the Code. It is the opinion of this court that while a cause of action for medical expenses or other expenses causally related to the injury to the minor daughter may be compensable in a direct action initiated by either the daughter when she reaches her maturity or the parents as guardians on behalf of the daughter during her minority, such relief cannot be obtained by the plaintiffs in the Bankruptcy Court under the circumstances here present. Accordingly,

the court finds that the debtor is entitled to summary judgment and,

It is so ORDERED.